UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NYDIA ORTIZ-OCASIO,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Civil Action No. 19-1337-MGM |

ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES
(Dkt. No. 25)

July 29, 2021

MASTROIANNI, U.S.D.J.[1]

     Following revelations of healthcare-provider fraud in 2013, the Commissioner of Social Security conducted redetermination hearings for many benefit recipients, including Plaintiff. Although the Administrative Law Judge ("ALJ") did not find any evidence of fraud in Plaintiff's case, the ALJ improperly reassessed whether Plaintiff was disabled, found that she was not, and terminated her benefits. (*See* Dkt. No. 17 at ¶ 6.) Plaintiff challenged the loss of her benefits at the agency level without success. Plaintiff then appealed to the district court, represented by new counsel, on April 10, 2019. The case sat dormant until April 24, 2020, when Plaintiff's counsel moved for a belated extension of time to effect service on the government, blaming the clerk's office for failing to issue summonses. (Dkt. No. 13.) On August 11, 2020, the government, with Plaintiff's consent, moved the court to reverse the Commissioner's decision terminating Plaintiff's benefits and to remand the case to the Commissioner for reinstatement of benefits. (Dkt. No. 17 at

---

[1] Hon. Mark G. Mastroianni of the District of Massachusetts sitting by assignment pursuant to 28 U.S.C. § 292(b).

¶¶ 6-7.) The court entered an order for remand and reinstatement of benefits on August 18, 2020. (Dkt. No. 20.)

Plaintiff's counsel filed a motion for fees and costs pursuant to the Equal Access to Justice Act seeking a total of $2,938.77: $2,524.57 for 12.3 hours of attorney work, $400.00 for the filing fee, and $14.20 for certified mail delivery. (Dkt. No. 22.) The court granted the motion on October 13, 2020. (Dkt. No. 24.) By Notice of Award dated October 27, 2020, the Social Security Administration informed Plaintiff that she was entitled to $75,620.00 in past-due benefits. (Dkt. No. 25-2.) Nearly eight months later, Plaintiff's counsel filed the present motion pursuant to 42 U.S.C. § 406(b)(1) ("Section 406(b)") seeking $11,000.00 in attorney's fees pursuant to a contingency-fee agreement. (*See* Dkt. No. 25; 25-1.)

Section 406(b) does not include a deadline for filing a motion for attorney's fees, and the First Circuit has not yet addressed the issue. *See Colon-Colon v. Saul*, 2021 WL 2232099, at *3 (D.P.R. June 1, 2021) (noting that Second, Third, Fifth, and Eleventh Circuits apply a 14-day deadline and Tenth and Seventh Circuits apply a "reasonable" deadline) (internal citations omitted). Courts in this district have denied as untimely motions for attorney fees filed five months or more after Plaintiff receives a Notice of Award. *See id.* (denying motion made "almost five months" after notice); *Dieppa-Velazquez v. Saul*, 2021 WL 2144226, at *3 (D.P.R. May 25, 2021) (denying motion made "over five months" after notice); *Gonzalez v. Saul*, 2021 WL 2173426, at *3 (D.P.R. May 26, 2021) (denying motion made ten months after notice). Since Section 406(b) attorney fees are withheld from a claimant's award of benefits, fairness and finality favor quick disposition of any motion for fees so that the claimant can obtain the balance (if any) of his award.

Plaintiff's counsel explains that he did not receive a copy of the Plaintiff's Notice of Award until June 21, 2021 because "we did not have a fee petition sign[ed] with the agency for work at the administrative level." (Dkt. No. 25 at 2.) Plaintiff's counsel submits two letters to the Social Security

Administration in which he requested a copy of the Notice of Award: one dated November 12, 2020 and another dated May 18, 2021. (Dkt. Nos. 30-1, 30-2.) It appears from these letters that Plaintiff's counsel may have been partly responsible for the delay in obtaining the Notice of Award, since he neglected to include a Consent for Release of Information in the first, November 2020 letter. One month after Plaintiff's counsel corrected this oversight, in his May 2021 letter, the agency responded by forwarding him a copy of the Notice of Award, and he promptly filed this motion. Plaintiff's counsel further explains his delay in moving for fees because the agency did not send him a "close[-]out letter." (Dkt. No. 25 at 2.) Courts in this district have rejected the argument that a "close-out letter" is relevant to the timeliness of a motion for attorney's fees. *See Colon-Colon*, 2021 WL 2232099, at *3. Under these circumstances, the court finds that Plaintiff's counsel's delay in moving for fees is within—but closely within—the period of time for which such delay may be deemed reasonable.

Having decided that Plaintiff's counsel's motion is timely, the court must go on to ensure that "the fee sought is reasonable for the services rendered." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (holding that "§ 406(b) calls for court review of [contingency-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases"). Plaintiff's counsel submitted a time log for 12.3 hours, which, divided by his request for $11,000.00 comes out to $894.31 per hour. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.* at 808. Plaintiff's form Complaint alleges no particulars of her case except for her residence. (It does not, for example, explain that Plaintiff's case concerned termination of benefits after redetermination. (*See* Dkt. No. 3.)) This case did not involve any briefing, and the Commissioner—not Plaintiff's counsel—filed the motion for remand and reinstatement of benefits. Most significantly, Plaintiff's counsel caused a lengthy delay in the case by failing to serve the government with the Complaint for a year. "If the attorney is responsible for

3

delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808. Once Plaintiff's counsel realized his error in failing to effect service, he was forced to spend (billable) time rectifying the mistake. Plaintiff's counsel reported that he spent 2.0 hours "[p]repar[ing] service for four summonses and mail[ing] them by certified mail," 0.2 hours drafting a motion for an extension of time to effect service, and 0.2 hours "review[ing] notice of summonses issued." (Dkt. No. 22-1.) Under these circumstances, the court finds that Plaintiff's counsel's motion for $11,000.00 in fees is unreasonable. He is instead awarded $5,000.00, nearly half of what he requested, but twice the amount awarded under the Equal Access to Justice Act. Balancing the principle that a contingency-fee agreement should be honored against Plaintiff's counsel's work and time in this case, Plaintiff's counsel is more than fairly compensated.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees pursuant to Section 406(b) is GRANTED IN PART up to the amount of $5,000.00. Plaintiff's counsel is ordered to return to Plaintiff his previous award of attorney's fees under the Equal Access to Justice Act (Dkt. No. 24). *See Gisbrecht*, 535 U.S. at 796 (claimant's attorney awarded fees under Equal Access to Justice Act and § 406(b) must return to the claimant the smaller fee award).

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge